IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR 95-117-BLG-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING MOTION |
| | ) | AND DENYING CERTIFICATE OF |
| RODNEY O. SKURDAL, | ) | APPEALABILITY |
| | ) | |
| Defendant. | ) | |

On June 18, 2010, Defendant Skurdal submitted a document titled "In Response to Clerk's Letter" and listing this case number. The letter to which he refers (doc. 2542-1) is a letter from William K. Suter, Clerk of the United States Supreme Court. It refers to Skurdal's recent attempt to file an original petition for writ of habeas corpus in the Supreme Court. The Court is aware of this because Skurdal delivered an unnecessary but expensive copy of the 2½"-thick petition to this Court on June 2, 2010,[1] even though a district court has absolutely nothing to do with Skurdal's activity in the Supreme Court. U.S. Sup. Ct. R. 20(4)(b).

---

[1] The copy has since been discarded without filing.

The only thing the law permits this Court to do is to recognize that Skurdal disputes the legitimacy of his convictions. So recognized. This recognition leads inexorably to recharacterization of his submissions as successive motions under 28 U.S.C. § 2255. Skurdal litigated his first § 2255 motion to conclusion more than five years ago. Order of Feb. 7, 2005 (doc. 2409). Congress has ordained that no one who has already litigated one § 2255 motion to conclusion may proceed with another unless he first receives authorization from the Court of Appeals. 28 U.S.C. §§ 2255(h), 2244(b). Absent such authorization, this Court has no power to consider the validity of Skurdal's convictions or sentence. The law precludes him from proceeding under any vehicle other than § 2255. Burton v. Stewart, 549 U.S. 147, 149 (2007) (per curiam); United States v. Gamboa, __ F.3d __, No. 09-30217, slip op. at 8689-90 (9th Cir. June 11, 2010) (quoting Carrington v. United States, 503 F.3d 888, 889 (9th Cir. 2007)); Harrison v. Ollison, 519 F.3d 952, 960-62 (9th Cir. 2008); Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006); Matus-Leva v. United States, 287 F.3d 758, 761 (9th Cir. 2002); Lorentson v. Hood, 223 F.3d 950, 953-54 (9th Cir. 2000).

For the reasons set forth in the Orders of August 7 and August 19, 2008 (docs. 2493, 2495), Skurdal's documents are collectively recharacterized as a successive §

2255 motion under 28 U.S.C. § 2255. The unauthorized motion is dismissed for lack of jurisdiction. A certificate of appealability is denied because reasonable jurists could find no basis to disagree with recharacterization and no basis to believe that the Court may consider an unauthorized successive motion under 28 U.S.C. § 2255.

Skurdal may appeal this decision by filing a notice of appeal in this Court within 60 days, or he may apply to the Ninth Circuit Court of Appeals for leave to file a successive § 2255 motion, or both. Those are his only options.

Accordingly, IT IS HEREBY ORDERED that Skurdal's documents (docs. 2542, 2542-1, 2542-2) are RECHARACTERIZED and DISMISSED as in substance an unauthorized successive § 2255 motion. A certificate of appealability is DENIED.

DATED this 30th day of June, 2010.

_____
Donald W. Molloy
United States District Court